IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLORENCE MUSSAT, M.D., S.C., on behalf of plaintiff and the class members defined herein, | ) ) ) ) |
| *Plaintiff,* | ) ) Case No. 17 C 8841 ) ) Judge Virginia M. Kendall |
| v. | ) ) |
| IQVIA INC., and JOHN DOES 1–10, | ) ) ) |
| *Defendants.* | ) ) |

## MEMORANDUM OPINION AND ORDER

Florence Mussat, M.D, S.C. sued IQVIA Inc. on behalf of a putative class, alleging that IQVIA violated the Telephone Consumer Protection Act by sending it two "unsolicited advertisements" via fax. (Dkt. 1.) Mussat sought to represent the putative class without geographic restriction, including non-Illinois residents who did not receive the alleged faxes in Illinois. *Id.* After another district court applied *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017), to a federal class action under the Act, IQVIA moved to strike Mussat's class definition, arguing that this Court lacks personal jurisdiction over IQVIA with respect to the unnamed putative class members who are not Illinois residents. *Id.* Because those individuals also did not receive the alleged faxes in Illinois, their claims do not relate to IQVIA's contacts with Illinois, so IQVIA contends that this Court lacks specific jurisdiction over it. *Id.* Mussat claims that Supreme Court precedent

permits the maintenance of a nationwide class action without the plaintiff's satisfaction of the "minimum contacts" analysis. (Dkt. 51.) The focus of the personal jurisdiction inquiry, however, is the defendant's relationship to the forum state, and because Mussat's lawsuit does not arise out of or relate to IQVIA's contacts with this forum, the Court grants its motion to strike Mussat's class definition.

## BACKGROUND

Mussat is an Illinois corporation with its principal place of business in Illinois. (Dkt. 15.) IQVIA is a Delaware corporation with its principal place of business in Pennsylvania. *Id.* Mussat sued IQVIA under the Telephone Consumer Protection Act, seeking to represent a geographically unrestricted putative class of individuals, including:

> (a) all persons with fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), (c) were sent faxes by or on behalf of defendant IQVIA, promoting its good or services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. § 227.

*Id.* Mussat contends that IQVIA violated the Act by sending junk faxes to the unnamed members of the putative class. *Id.*

On February 27, 2018, Mussat amended its complaint. *Id.* IQVIA then amended its answer on March 21, just nine days following *Practice Mgmt. Support Services, Inc. v. Cirque Du Soleil, Inc.*, 301 F. Supp. 3d 840 (N.D. Ill. 2018). (Dkt. 26.) In its answer, IQVIA expressly denied the existence of this Court's personal jurisdiction over it—whether it be general or specific—regarding the claims of the unnamed

putative class members residing outside Illinois. *Id.* IQVIA also contested Mussat's class definition and affirmatively pled a consistent personal jurisdiction defense. *Id.*

## STANDARD OF REVIEW

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In so doing, the court exercises considerable discretion. *See Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Courts generally disfavor motions to strike that serve only to delay, but favor those that serve to expedite the case by removing any unnecessary clutter. *See, e.g., Sapia v. Bd. of Educ. of City of Chicago*, No. 14-CV-07946, 2018 WL 1565600, at *4 (N.D. Ill. Mar. 31, 2018) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).

Courts will strike pleadings that are insufficient as a matter of law, "meaning they bear no relation to the controversy or would prejudice the movant." *See, e.g., Gress v. Reg'l Transportation Auth.*, No. 17-CV-8067, 2018 WL 3869962, at *5 (N.D. Ill. Aug. 15, 2018) (citations omitted). The moving party bears the burden of showing the "challenged allegations are so remote to the plaintiff's claim that they lack merit . . ." *See, e.g., id.* (citation omitted). Should the request for relief be unrecoverable as a matter of law, the court will strike it. *See, e.g., Fed. Deposit Ins. Corp. for Valley Bank v. Crowe Horwath LLP*, No. 17 CV 04384, 2018 WL 1508485, at *2 (N.D. Ill. Mar. 27, 2018).

## ANALYSIS

IQVIA argues that this Court cannot assert personal jurisdiction over it regarding the nonresident putative class members' claims because those claims do not arise out of, or relate to, IQVIA's contacts with Illinois. Mussat, in response, claims that IQVIA "waived" its personal jurisdiction defense, and even if it did not, its contention is contrary to Supreme Court precedent, which supports the further proposition that *Bristol-Myers* does not apply to class actions.

### I. Forfeiture

As an initial matter, IQVIA did not forfeit (voluntary relinquish) its personal jurisdiction defense. A party that moves under Rule 12 "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). True enough, IQVIA did not assert a lack of personal jurisdiction when it moved to dismiss on March 14, 2018. (Dkt. 24–25.) So, if this personal jurisdiction argument was "available" to IQVIA, then its motion to strike is improper because IQVIA omitted the defense "from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1)(A). If, however, the argument was not available to IQVIA at the time it moved to dismiss, then it did not forfeit that defense because it made it "by motion under this rule" and included it "in an amendment allowed by Rule 15(a)(1) as a matter of course." *Id.* at 12(h)(1)(B). A defense is available if the standard that governs it would have been the same if relied on earlier. *See Am. Fid. Assur. Co. v. Bank of New York Mellon*, 810 F.3d 1234, 1237 (10th Cir.), *cert. denied*, 137 S. Ct. 90 (2016).

Here, IQVIA's personal jurisdiction defense was not available to it when it moved to dismiss on March 14. First, on its face, *Bristol-Myers* did not apply to class actions. *See* 137 S. Ct. 1773, 1787 n.4 (2017) (Sotomayor, J., dissenting) (observing that "[t]he Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there.") (citations omitted). Second, no court applied the Supreme Court's holding or reasoning to a class action under the Telephone Consumer Protection Act until two days before IQVIA filed its motion to dismiss on other grounds. *See Practice Mgmt. Support Services, Inc. v. Cirque Du Soleil, Inc.*, 301 F. Supp. 3d 840 (N.D. Ill. 2018) (Durkin, J.). Following that decision, IQVIA timely amended its first responsive pleading "as a matter of course" under Rule 15(a)(1) on March 21, just nine days later. (Dkt. 26.)

Mussat could not seriously expect IQVIA to know this defense was available to it at the time it could have first raised it. *Cf. Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009) (noting that a party does not waive a defense when controlling precedent previously foreclosed it). IQVIA timely raised the defense following the intervening decision in *Practice Mgmt. Support Services, Inc.*, once it was apparent the defense was cognizable under *Bristol-Myers*. *See Bennett v. City of Holyoke*, 362 F.3d 1, 7 (1st Cir. 2004). It would have, in fact, been bordering on futile for IQVIA to assert the defense under precedent at the time. *See, e.g., VitalGo, Inc. v. Kreg Therapeutics*, Inc., No. 16-CV-5577, 2017 WL 6569633, at *5 (N.D. Ill. Dec. 21, 2017); *Alvarez v. NBTY, Inc.*, No. 17-cv-00567-BAS-BGS, 2017 WL 6059159, at *6

(S.D. Cal. Dec. 6, 2017); *see also In re Micron Tech., Inc.*, 785 F.3d 1091, 1094 (Fed Cir. 2017) (stating that a venue defense raised after an intervening decision was not available, thus making the waiver rule inapplicable).

Even if IQVIA did forfeit its defense, the Court would exercise its discretion to excuse the forfeiture. *See* Fed. R. Civ. P. 12(f)(1) (stating that the "court may act on its own" to strike material); *see, e.g.*, *Leibowitz v. Bowman Int'l, Inc.*, No. 15 C 3021, 2016 WL 6804580, at *9 (N.D. Ill. Nov. 17, 2016) (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991) (clarifying that a court acting under Rule 12(f) has the discretion "to consider a motion to strike at any point in a case," even when the court's attention "was prompted by an untimely filed motion.")); *Fed. Deposit Ins. Corp. v. Giannoulias*, No. 12 C 1665, 2014 WL 3376892, at *1 (N.D. Ill. July 10, 2014) (recognizing that courts "retain discretion to strike material from a pleading after the motion deadline in Rule 12(f)(2) has passed" because 12(f)(1) does not impose a similar time period)).

Indeed, this Court has the independent obligation to identify and apply the law correctly. *See, e.g.*, *Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870, 877 (N.D. Ill. 2017) (quoting *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991)); *see also ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001) (excusing forfeiture and reasoning that "[f]ederal courts are entitled to apply the right body of law, whether the parties name it or not"). Other courts to consider the issue in this context excused the forfeiture. *See, e.g.*, *Practice Mgmt. Support Services, Inc.*, 301 F. Supp. 3d at 863–64; *America's Health & Resource center Ltd. v. Alcon Laboratories,*

*Inc.*, 16-cv-04539, at *8–9 (N.D. Ill. June 15, 2018) (order striking the plaintiff's class definition to the extent it included non-Illinois residents). Finally, excusing the forfeiture in this case would not prejudice Mussatt because, as will be made clear below, Mussatt is free to pursue its claims on behalf of unnamed, nonresident class members in a court that has general jurisdiction over IQVIA.

## II. Personal Jurisdiction

Moving to the merits of the personal jurisdiction defense, this Court joins the litany of other courts in this District and elsewhere to hold that the Due Process Clause of the Fourteenth Amendment precludes the exercise of personal jurisdiction over a defendant in a putative class action where nonresident, absent members seek to aggregate their claims with an in-forum resident, even though the defendant allegedly injured the nonresidents outside of the forum. *See, e.g., Chavez v. Church & Dwight Co.*, 2018 WL 2238191, at *11 (N.D. Ill. May 16, 2018) (Tharp, J.); *Practice Mgmt. Support Services, Inc.*, 301 F. Supp. 3d at 864 (Durkin, J.); *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018) (Leinenweber, J.); *McDonnell v. Nature's Way Prods., LLC*, No. 16 C 5011, 2017 WL 4864910, at *4 (N.D. Ill. Oct. 26, 2017) (Ellis, J.); *but see, e.g., Haj v. Pfizer Inc.*, No. 17 C 6730, 2018 WL 3707561, at *1 (N.D. Ill. Aug. 3, 2018) (Feinerman, J.).

### A. *Bristol-Myers*

In *Bristol-Myers*, a group of primarily non-resident plaintiffs, which the defendant pharmaceutical manufacturer allegedly harmed outside of the forum, filed a mass tort action in California state court. *See* 137 S. Ct. at 1778. There, although

the state court did not have general jurisdiction over the defendant, the state supreme court held that the trial court did have specific jurisdiction over the defendant with respect to the nonresidents' claims because those individuals could aggregate their claims with the residents'. *See id.* The Supreme Court reversed that decision, holding that the "mere fact that *other* plaintiffs were [injured] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* at 1781 (emphasis in original).

The Court reasoned that the "primary focus of our personal jurisdiction inquiry is the defendant's relationship to the forum State." *Id.* at 1779 (citations omitted). Indeed, "the *suit* must arise out of or relate to the defendant's contacts with the *forum*." *Id.* at 1780 (internal quotation marks and brackets omitted). The Court left open, however, "the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Id.* at 1789 n.4 (Sotomayor, J., dissenting).

Taking heed of the Supreme Court's admonition that the primary concern of the analysis is the burden on the defendant, other district courts applied these principles of specific jurisdiction to federal class actions. It appears that those courts agree that *Bristol-Myers* generally applies to bar nationwide class actions in federal court where the defendant allegedly *injured the named plaintiff outside the forum*. What they seem to disagree on, however, is whether that precedent controls beyond

that: in cases where the defendant allegedly *injured the named plaintiff inside the forum*, enabling that individual to represent the absent claims of the nonresident and unnamed putative class members who the defendant injured outside the forum. *Compare Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870, 872 (N.D. Ill. 2017) (reconsidering part of a motion to dismiss for lack of personal jurisdiction after *Bristol-Myers*, applying it to a named plaintiff in a putative class action, and granting it as to that named plaintiff who (1) did not reside in the forum state, (2) nor did the defendant allegedly injure him there, (3) nor did the defendant have any contacts with the forum in connection with that named plaintiff's claims, because the mere fact that his claims were similar, or even identical, to the resident plaintiff's claims did not permit the court to assert specific jurisdiction over the nonresident's claims), *and Al Haj v. Pfizer Inc.*, No. 17 C 6730, 2018 WL 1784126, at *6 (N.D. Ill. Apr. 13, 2018) (similar), *with Al Haj v. Pfizer Inc.*, No. 17 C 6730, 2018 WL 3707561, at *2 (N.D. Ill. Aug. 3, 2018) (denying the defendant's renewed motion to strike the complaint's nationwide class claims because (1) the named plaintiff resided in the forum state and (2) the defendant allegedly injured him there, so the court could assert specific jurisdiction over his claims, and it needed not do so over the absent class members' claims that lacked the requisite nexus to the forum because those individuals were not parties for the purposes of assessing personal jurisdiction over the defendant, only the named plaintiff was).

Turning to the matter before the Court, first, because the Telephone Consumer Protection Act does not authorize nationwide service of process, this Court looks to

Illinois law and the Due Process Clause of the Fourteenth Amendment for the applicable limits on its exercise of personal jurisdiction. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). That being so, this Court does not have general jurisdiction over IQVIA because it is a Delaware corporation and its principal place of business is in Pennsylvania. (Dkt. 15.)

Second, *Bristol-Myers* applies here, at least in the sense that this is a class action in federal court, so there must be a named plaintiff allegedly injured inside the forum state, Illinois. Mussat is an Illinois corporation with its principal place of business also in Illinois and Mussat alleged that it received the two junk faxes from IQVIA in Illinois. *Id.* The question, then, for this Court is whether it must have specific jurisdiction over IQVIA as to each of the absent class members' claims that Mussat seeks to represent. *Bristol-Myers* holds that due process requires the defendant be subject to specific jurisdiction not only as to the named plaintiff's claims, but also as to the absent class members' claims.

B.  Absent Class Members' Claims

For this Court to exercise specific jurisdiction, "the *suit* must arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers*, 137 S. Ct. at 1780 (internal quotation marks and brackets omitted) (emphasis in original). Indeed, "the mere fact" that Mussat received two faxes in Illinois "does not allow" for an exercise of "specific jurisdiction over the nonresidents' claims" with respect to faxes received outside of Illinois because those absent class members' claims do not relate to IQVIA's contacts with Illinois. *Id.* at 1781 (brackets omitted). It follows, then, that exercising

specific jurisdiction over IQVIA with respect to the nonresidents' claims would violate IQVIA's due process rights. Therefore, the Court must strike the class definition to the extent it asserts claims of nonresidents. This ruling should "streamline discovery and simplify the disputed issues." *See, e.g.*, *America's Health & Resource center Ltd. v. Alcon Laboratories, Inc.*, 16 C 04539, at *8 (N.D. Ill. June 15, 2018) (order granting motion to strike).

Mussat argues against this result, claiming that it is contrary to Supreme Court precedent, namely *Califano v. Yamasaki*, 442 U.S. 682, 709 (1979), and *Phillips Petroleum v. Shutts*, 472 U.S. 797, 811–12 (1985). Yet, *Califano* did not address the propriety of specific jurisdiction over absent class members' claims. *See* 442 U.S. at 684. Even so, the Court did, in fact, assume several times for the purposes of deciding that case that jurisdiction was a prerequisite to the statutory, class certification, and remedial requirements at issue there. *See id.* at 701, 702 (stating that where "the district court has jurisdiction over the claim of each individual member of the class," "where the district court has jurisdiction over the claims of the members of the class," and "if jurisdiction lies over the claims of the members of the class . . ."). Otherwise, *Califano* is inapposite, and for the same reasons, so is *City of Chicago v. Sessions*, 888 F.3d 272 (7th Cir. 2018) (reviewing the scope of a nationwide injunction).

As for *Shutts,* the Court considered an exercise of personal jurisdiction over *plaintiffs*, not defendants. *See* 472 U.S. at 811–12. As it happens, the Court spent a good portion of its opinion distinguishing between absent class action plaintiffs and absent defendants, reasoning that states place fewer burdens upon plaintiffs than

they do on defendants, and as such, the according due process protections differ between the two. *See id.* at 808–12 (explaining that the "burdens placed by a State upon an absent class-action plaintiff are not of the same order or magnitude as those it places upon an absent defendant. An out-of-state defendant summoned by a plaintiff is faced with the full powers of the forum State to render judgment *against* it," and because "States place fewer burdens upon absent class plaintiffs than they do upon absent defendants in nonclass suits, the Due Process Clause need not and does not afford the former as much protection from state-court jurisdiction as it does the latter.") (emphasis in original). In *Shutts*, as here, "the class-action defendant itself has a great interest in ensuring that the absent plaintiff's claims are properly before the forum." *Id.* at 809.

If anything, *Shutts* counsels against Mussat's position in this case. The Supreme Court recognized as much in *Bristol-Myers* when it expressly distinguished *Stutts*. *See* 137 S. Ct. at 1783 (clarifying that because "*Shutts* concerned the due process rights of [nonresident] plaintiffs . . . it has no bearing on the question presented."). Unlike this case, the Court concluded that the defendant in *Shutts* "did not assert that [the State] improperly exercised personal jurisdiction over it, and the Court did not address that issue." *Id.* Here, however, IQVIA claims that this Court's exercise of personal jurisdiction over it would violate its due process rights, not the due process rights of the nonresident class members.

Following the Supreme Court's lead in *Bristol-Myers* and applying its core reasoning here, due process, as an "instrument of interstate federalism," requires a

connection between the forum and the specific claims at issue. 137 S. Ct. at 1780–81. This recognition bars nationwide class actions in fora where the defendant is not subject to general jurisdiction. Whether it be an individual, mass, or class action, the defendant's rights should remain constant. *See, e.g., Practice Mgmt. Support Servs., Inc.*, 301 F. Supp. 3d at 861 (deciding that under "the Rules Enabling Act, a defendant's due process interest should be the same in the class context" as all others).

*Shady Grove Orthopedic Assocs., PA v. Allstate Ins. Co.*, 559 U.S. 393 (2010) does not change this. There, the Court merely held that Rule 23 preempted conflicting state laws. *Id.* at 399. Here, however, there is no conflicting state law at issue. Moreover, the Constitution and state law guide the personal jurisdiction analysis, which affects only the forum where this suit may be brought. That consequence does not run afoul of the Rules Enabling Act. Conversely, faithfully interpreting the Act here ensures the consistent and uniform application of defendants' due process rights in class actions under Rule 23, as compared to the maintenance of individual or mass actions. This construction ensures that Rule 23—a rule of procedure subject to the Act's limitations—does not violate the Act by extending the personal jurisdiction of the federal courts to "abridge, enlarge or modify" a "substantive right." 28 U.S.C. § 2072(b).

### III. Venue

As a final matter, Mussat asks this Court to transfer the case to the United States District Court for the District of Delaware or the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1406. (Dkt. 51.) But venue

is appropriate in the Northern District of Illinois, *see* 28 U.S.C. § 1391(b)(2)–(3), so that statute cannot support transferring this case. *See In re LimitNone, LLC*, 551 F.3d 572, 575–76 (7th Cir. 2008). Because venue is proper here, § 1404(a), rather than § 1406(a), provides the authority for a potential transfer. *See id.* (citing 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.")). In its discretion, the Court declines to transfer the case. Mussat remains free to voluntarily dismiss this case and refile it in a court where IQVIA is subject to that court's general jurisdiction.

## CONCLUSION

Because there is no connection between Illinois and the absent class members' claims, the Court grants IQVIA's motion to strike Mussat's class definition to the extent that Mussat seeks to assert those claims on behalf of nonresidents that did not allegedly receive faxes in Illinois.

_____
Virginia M. Kendall
United States District Judge

Date: October 26, 2018