IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLORENCE MUSSAT, M.D., S.C., on behalf of plaintiff and the class members defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) | 17 C 8841 |
| v. | ) ) | Judge Pacold |
| IQVIA INC., and JOHN DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Plaintiff, Florence Mussat, M.D., S.C., and Defendant, IQVIA Inc., by and through their respective counsel, file this Joint Status Report pursuant to the Court's Order dated October 9, 2020 (*Dkt. No. 127*), and state as follows:

**I.    RECENT DEVELOPMENTS**

On October 13, 2020, Defendant IQVIA Inc. ("IQVIA") timely filed a Petition for a Writ of Certiorari before the United States Supreme Court, Case No. 20-510, asking the Supreme Court to consider whether this Court may exercise personal jurisdiction over IQVIA with respect to the claims of out-of-state unnamed class members.

Plaintiff filed a second amended complaint on October 15, 2020.  (*Dkt. No. 128*).  On October 29, 2020, IQVIA timely filed a Motion to Maintain the Existing Stay of Discovery and Extend the Deadline to Respond to the Second Amended Complaint, pending the Supreme Court's adjudication of IQVIA's Petition for a Writ of Certiorari and the Federal Communications Commission's ("FCC") adjudication of Career Counseling Services, Inc.'s Application for Review, which asks the FCC to consider whether the TCPA applies to faxes sent to an online fax

1

service. (*Dkt. No. 129*). The Parties have conferred and propose the following briefing schedule on IQVIA's Motion: (a) Plaintiff's Response in Opposition to be filed by November 30, 2020; and (b) IQVIA's Reply in Support to be filed by December 17, 2020.

## II. PROPOSED DISCOVERY SCHEDULE

**_Defendant's Position_**: As set forth in greater detail in its pending Motion (*Dkt. No. 129*), this Court should maintain the current discovery stay because two legal questions that are central to the progress and ultimate disposition of this case are presently under review by the Supreme Court and the FCC. Whatever the outcome on review, the Supreme Court's and FCC's decisions will have significant effects on this case. The legal issues currently under review could be case-dispositive, but even if Plaintiff's claims survive, the Supreme Court's and FCC's adjudications will shape the putative classes, control the scope of class discovery, and directly impact further anticipated motion practice before this Court.

**_Plaintiff's Position:_** Plaintiff submits that the Court should lift the stay of discovery in this matter and proceed with setting a discovery schedule.

Plaintiff proposes the following schedule:

    a. Plaintiff anticipates fact discovery will take approximately 1 year or until November 12, 2021. Plaintiff believes there will be some third-party discovery that will be necessary in this case. Defendant has previously identified 2-3 witnesses who are located in the Philippines and citizens of the Philippines who may need to be deposed.

    b. Plaintiff anticipates approximately 3 months for expert discovery. Reports from retained experts under Fed. R. Civ. P. 26(a)(2) to be due: from Plaintiff by December 17, 2021; from Defendant by January 21, 2022; and rebuttal experts by February 25, 2022.

    c.  All potentially dispositive motions should be filed 45 days after ruling on Plaintiff's motion for class certification.

    d.  Because this is a putative class action, the scope of discovery, the length of time necessary to prepare for trial, the length of any trial will be determined, in large part, by the Court's ruling on class certification. In addition, the Parties may seek interlocutory appeal of any order granting or denying class certification in accordance with Fed. R. Civ. P. 23(f).

### III. MISCELLANEOUS

  A.  This case was originally assigned to the late Magistrate Judge Martin. This case has not yet been reassigned to another Magistrate Judge.

  B.  The parties have not discussed settlement.

*Plaintiff's Position:* Plaintiff is interested in exploring opportunities for resolution of this matter but would need additional information previously requested from Defendant to facilitate the parties' discussions.

*Defendants' Position:* Given the parties' widely divergent views regarding the merits of Plaintiff's claim and Plaintiff's position regarding settlement, settlement discussions are unlikely to be productive at this time. Further clarity from the United States Supreme Court and the FCC regarding core issues in this case, as described above, may facilitate discussions regarding the resolution of Plaintiff's claim.

Respectfully submitted,

| | |
|---|---|
| /s/ Heather Kolbus | /s/ Edward C. Eberspacher (w/ consent) |
| Daniel A. Edelman | Edward C. Eberspacher |
| Heather Kolbus | MEYER LAW GROUP LLC |
| EDELMAN, COMBS, LATTURNER | 30 N. LaSalle Street, Suite 1410 |
|  & GOODWIN, LLC | Chicago, IL 60602 |
| 20 S. Clark Street, Suite 1500 | (312) 265-0565 |

Chicago, IL 60603
(312) 739-4200

Curtis C. Warner
5 E. Market St., Suite 250
Corning, NY 14830
(888) 551-8685

4

## CERTIFICATE OF SERVICE

      I, Heather Kolbus, hereby certify that on November 3, 2020, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF system which caused notice via email to be sent to the following:

    Edward C. Eberspacher - teberspacher@meyerlex.com
    MEYER LAW GROUP, LLC
    30 N. LaSalle Street, Suite 1410
    Chicago, IL 60602

    Curtis C. Warner - cwarner@warner.legal
    5 E. Market St., Suite 250
    Corning, NY 14830

                                                s/Heather Kolbus
                                                Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200